# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FRIDLINE, *on behalf of himself and all other similarly situated* <br><br> Plaintiff, <br><br> v. <br><br> MILLENNIA TAX RELIEF, LLC <br><br> Defendant. | Case No.: <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

## CLASS-ACTION COMPLAINT

ZACHARY FRIDLINE ("Plaintiff" or "Fridline"), individually, and on behalf of all others similarly situated, and demanding a trial by jury, brings this action against MILLENNIA TAX RELIEF, LLC ("Defendant", "MTR" or "Millenia Tax") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. In support of this Complaint, Plaintiff, individually, and on behalf of all others similarly situated, asserts as follows:

### BACKGROUND:
### TELEMARKETING AND THE TCPA

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described

1

unwanted telemarketing calls as the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

2. The TCPA also affords special protections for people who registered their phone numbers on the National Do Not Call Registry and nonetheless received telemarketing calls for which they did not expressly consent.

3. In 2019, the FTC received over 5.4 million complaints from US residents about unwanted calls. FTC: *What Do Not Call Complaints are telling us* (Oct. 17, 2019), *available* at https://www.consumer.ftc.gov/blog/2019/10/what-do-not-call-complaints-are-telling-us.

4. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. See Sarah Krouse, The FCC Has Fined Robocallers $208 Million. It's Collected $6,790, THE WALL STREET JOURNAL, (March 28, 2019) available at: https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

## THE PARTIES

5.  Plaintiff and putative class-representative, Zachary Fridline, is a natural person and adult, who at all times relevant hereto, resided in Northumberland, Pennsylvania.

6.  Defendant is a marketing company that purports to offer consumers assistance with tax debt.

7.  Defendant maintains its principal place of business, head office, or otherwise valid mailing address at 15000 Nelson Ave East, #200 City of Industry, California 91744-4331.

8.  At all times relevant hereto, Defendant acted through its agents, employees, vendors and representatives.

9.  Plaintiff brings this Action in his individual capacity and on behalf of all other similarly situated seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff and other Class member on their cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and related regulations specifically the National Do-Not-Call provisions.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

11. Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in excess of $5,000,000.00, exclusive of interests and costs.

12. This Court has personal jurisdiction over Defendant, as the Defendant availed itself to the forum state by calling/texting Plaintiff at a phone number associated with the Commonwealth of Pennsylvania.

13. Furthermore, Defendant does business within this District.

14. Plaintiff experienced the harms associated with Defendant's unlawful calls within this District.

15. Accordingly, personal jurisdiction exists and this venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

16. At all times relevant hereto, Plaintiff, Zachary Fridline was the owner of a cellular phone, the number for which was (570) XXX-1007.

17. The aforementioned cell phone was used by Mr. Fridline for primarily residential purposes.

18. Plaintiff registered that phone number on the National Do Not Call Registry on or around September 12, 2005.

19. Plaintiff did so to obtain solitude from invasive and irritating solicitation calls.

20. For purposes of background, Mr. Fridline had, at all times relevant hereto, no outstanding tax liability. Accordingly, Fridline would not have knowingly or willfully opted in to receive telemarketing calls about any tax relief.

21. Mr. Fridline began receiving calls and voicemails from Defendant beginning in or around November 2021, which were made for the purpose of soliciting tax relief he did not want or need.

22. At no point did Mr. Fridline express interest in procuring tax relief prior to the telemarketing campaign, much less provide the express written consent the TCPA requires.

23. Defendant's voice calls to Mr. Fridline utilized an automatically generated and/or pre-recorded voice.

24. Plaintiff understands the calls to have utilized pre-recorded messages because the message was generic, rather than specifically tailored to Plaintiff, and was non-interactive and robotic.

25. On at least one occasion- May 11, 2022, MTR called Fridline using a mechanism or technology that allowed the company to leave a "ringless" voicemail that delivers a prerecorded message to the recipient's voice mailbox.

26. In order to utilize the ringless voicemail feature, callers dial the same number, from two phones almost instantaneously. That causes the latter-dialed call to terminate directly in the recipient's voicemail, thereby allowing the caller to play its prerecorded message in the recipient's mailbox, without causing the line to ring more than a single time, if at all.

27. The Federal Communication Commission ("FCC") recently adopted a Rule and Order finding that "ringless voicemails"' to wireless phones constitute calls made using an artificial or prerecorded voice, subject to section 227(b)(1)(A)(iii) of the TCPA.

28. Specifically, Fridline the May 11, 2022 call was delivered immediately to his voicemail after only a partial ring and then a pre-recorded message purporting to offer a "fresh start" on tax debt was delivered to Fridline's voicemail.

29. Defendant placed at least four (4) voice calls and two (2) text messages to Plaintiff's telephone soliciting aid in tax relief.

30. A non-exhaustive list of the offending communications placed by MTR to Fridline is below:

| Date: | Voice Call or Text | Caller ID: |
|---|---|---|
| 11/8/2021 | Voice Call | 610-795-5077 |
| 2/24/2022 | Text | 323-798-9292 |
| 2/25/2022 | Text | 323-798-9292 |
| 3/3/2022 | Voice Call | 323-638-1540 |
| 5/11/2022 | Voice Call (ringless) | 800-449-8910 |
| 5/12/2022 | Voice Call | 800-449-8910 |

31. Plaintiff's undersigned counsel has confirmed those numbers are associated with Millenia Tax.

32. Furthermore, the text messages and the voice calls identified above specifically identified Millenia.

33. An image of two of the text messages is below:



34. Furthermore, at least two of the voice calls contained pre-recorded messages, purported to offer a "fresh start" on tax liability from the 800-449-8910 number that is attributable to Millenia Tax.

35. Defendant's telephone calls were not made for "emergency purposes" but for telemarketing purposes.

36. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of his privacy.

## Class Allegations

37. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated.  This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. commonality, typicality, and adequacy of representation.

38. Accordingly, Defendant placed a high volume of calls to numbers listed on the Do Not Call Registry without consent or an existing business relationship.

39. Plaintiff seeks to represent the following classes:

> **227(b) Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who Defendant called using prerecorded or artificial voice and/or ringless voicemail technology.
>
> **227(c) Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons

> in the United States who: (1) subscribe to cellular telephones; (2) received more than one telephone call or text message from Defendant on that phone during a 12-month period; and (3) whose phone numbers were listed on the Do Not Call Registry for more than 31 days.

40. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

41. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendant's actions. The names and phone numbers of the numbers of the proposed class are readily identifiable through records available to Defendant.

42. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

43. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to, whether Defendant called phone numbers that were registered on the Do Not Call Registry and whether such calls violate the TCPA.

44. Plaintiff's claims are typical of the claims of the proposed class members because their claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

45. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class he seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law. Plaintiff's counsel has the resources to litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties. Plaintiff reserves the right to join other unnamed class members into this lawsuit.

46. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

47.     In contrast to numerous individual claims, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

48.     Questions of law and fact, particularly the propriety of calling cell phone numbers using ringless voicemail or pre-recorded voice technology and calling numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

49.     Defendant has acted or refused to act in accordance with the relief sought by these classes, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

50.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

51.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such

calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

52. Upon information and belief, Defendant initiated multiple calls to the telephone numbers of Plaintiff and the putative class members using an automatically generated or prerecorded voice.

53. Defendant's calls to Plaintiff and the putative class members were not made for "emergency purposes."

54. Defendant's calls to Plaintiff and the putative class members were without Plaintiff's prior express consent.

55. Upon information and belief, Defendant placed prerecorded voice calls to hundreds if not thousands of telephone numbers.

56. Defendant contacted Plaintiff and the putative class members despite the fact that their telephone numbers were on the Do Not Call Registry.

57. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights or the rights of the putative class members under the law and with the purpose of harassing Plaintiff and Class members.

58. As a result of the above violations of the TCPA, Plaintiff and the putative class members have suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE Plaintiff Zachary Fridline, individually and on behalf of all others similarly situated, request the Court grant the following relief:

a. Enter an order against Defendant, pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Fridline as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates, LLC as class counsel;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated section 227(b) of the TCPA;

d. Enter judgment in favor of Plaintiff and the class members enjoining Defendant from placing calls or leaving messages utilizing an automatically generated or pre-recorded voice;

e. Award Plaintiff and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;

f. Award Plaintiff and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and

g. Award Plaintiff and the class members such further and other relief the Court deems just and appropriate.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(c)(5)**

59. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

60. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

61. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

62. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

63. Where Defendant placed calls to the telephones of Plaintiff and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendant violated the TCPA, including but not limited to, 47 U.S.C. § 227(c)(5) and the TCPA's corresponding regulations.

64. Defendant knew or should have known that Plaintiff and the putative class members had their numbers registered on the Do Not Call Registry.

65. Defendant did not obtain valid express written consent from the called parties.

66. Plaintiff and putative class members are entitled to damages of $500.00 per violation for each call and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

WHEREFORE Plaintiff Zachary Fridline, individually and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant, pursuant to Federal Rule of Civil Procedure 23 *et seq.*, certifying this action as a class action and appointing Plaintiff as the class representatives;

b. Enter an order appointing Kimmel & Silverman and Butsch Roberts & Associates, LLC as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated section 227(c)(5) of the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from calling numbers registered on the National Do Not Call Registry;

e. Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and

f. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ZACHARY FRIDLINE, and all other similarly situated demand a jury trial in this case.

Respectfully submitted,

DATED: April 20, 2023

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Christopher E. Roberts (to seek admission *pro hac vice*)
Butsch Roberts & Associates, LLC
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: 314-863-5700
Fax: 314-863-5711
croberts@butschroberts.com